544

Manish KUMAR, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 10–71241.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed Feb. 28, 2012.

Inna Lipkin, Esquire, Counsel. Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Regina Byrd, Esquire, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of The Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

MEMORANDUM **

Manish Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and relief

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir.2010). We deny the petition for review.

■ Substantial evidence supports the agency's adverse credibility determination based on the implausibility of Kumar's testimony that he was unaware of problems in Punjab between the police and members of the Akali Dal Mann political party. *See Chebchoub v. INS*, 257 F.3d 1038, 1044 (9th Cir.2001). The record also lacks corroboration for Kumar's claim that the Akali Dal Mann party and police are linked and his claim that Akali Dal Mann party members, and members of the Hindu group Shiv Sena, target members of Kumar's Nirankari faith. *See Aden v. Holder*, 589 F.3d 1040, 1044–45 (9th Cir.2009); *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir.2000) ("[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application."). Accordingly, Kumar's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). In light of our conclusions regarding Kumar's lack of credibility, Kumar's humanitarian asylum claim necessarily fails. *See Wang v. BIA*, 437 F.3d 270, 275–76 (2d Cir.2006) (remand would be futile when the reviewing court can confidently predict the outcome).

■ Because Kumar's CAT claim is based on the same evidence the agency found not credible and uncorroborated,

and he points to no other evidence showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails. *See Farah*, 348 F.3d at 1156–57; *see also Aden*, 589 F.3d at 1047.

**PETITION FOR REVIEW DENIED.**